IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Mark A. West, | ) | |
| | ) | |
| Plaintiff, | ) | C/A NO.:_____ |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| Don Reynolds, | ) | Jury Trial Requested |
| individually and as | ) | |
| Sheriff of Laurens | ) | |
| County, and Laurens | ) | |
| County, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, complaining of the Defendants herein, would respectfully show unto the Court:

**PARTIES AND JURISDICTION**

1. The Plaintiff is citizen and resident of Laurens County, South Carolina.

2. The Defendant, Don Reynolds, is the duly elected Sheriff for Laurens County, South Carolina.

3. The Defendant, Laurens County, is a political subdivision of the State of South Carolina and/or some other entity that is responsible for the actions of its agents and employees.

4. The Defendant Reynolds was at all relevant times acting under the color of State law and in the course and scope of his duties as the Sheriff for Laurens County, and he is sued

in his individual capacity for compensatory and punitive damages under Federal law.

5. The negligent and grossly negligent acts, omissions and liability forming the conduct of all Defendants includes their agents, principals, employees, and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, apparent authority, agency, ostensible agency, and/or respondeat superior, and the acts and/or omissions of the above-named Defendants were the direct and proximate cause of the injuries, damages, and losses to the Plaintiff.

6. Punitive damages are not sought against the Defendant Laurens County.

7. Plaintiff invokes this Court's jurisdiction arising under the Fourth and Fourteenth Amendments of the United States Constitution and brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individually named law enforcement Defendant Reynolds.

## JURISDICTION

8. In general, jurisdiction is founded upon U.S.C. § 1343(3).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

9. The Plaintiff was charged with unlawful carrying a firearm on July 31, 2011.

10. After the Plaintiff signed a personal recognizance bond, the Defendants caused to be issued a bench warrant for the

Plaintiff to appear in Court on April 20, 2016.

11. On March 23, 2016, the Plaintiff pled guilty, and at that same time, the Presiding Circuit Court Judge also lifted the bench warrant.

12. Nonetheless, the Defendants failed to take the appropriate administrative action advising other law enforcement agencies that the bench warrant had been lifted, and thus, there was no reason to arrest and detain the Plaintiff, if located.

13. On April 5, 2020, the Plaintiff was arrested by the Pacolet City Police Department and detained at the Spartanburg Regional Detention Facility overnight on the April 20, 2016 bench warrant.

14. On April 6, 2020, the Laurens County Sheriff's Department issued a detainer removal authorization which allowed for the release of the Plaintiff from custody.

15. Nonetheless, the Plaintiff at that point had been unlawfully held overnight in jail.

## FOR A FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983

### AS TO DEFENDANT REYNOLDS ONLY

16. Plaintiff incorporates by reference all preceding paragraphs and allegations of the Complaint as set forth herein.

17. By the acts and omissions described above, Defendants violated 42 U.S.C. § 1983 depriving the Plaintiff of clearly established and well-settled constitutional rights

protected by the Fourth and Fourteenth Amendments of the United States Constitution, including the right to be free from deprivation of liberty and injury without substantive due process and State created danger as secured by the Fourteenth Amendment, as well as such other particulars as may be learned through discovery.

18. As a direct and proximate result of the Defendants' acts and omissions as set forth, Plaintiff has sustained injuries and damages as otherwise set forth in this Complaint.

19. The conduct of Defendant Reynolds, in his individual capacity, entitles Plaintiff to punitive damages.

20. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and applicable South Carolina codes and laws.

**FOR A SECOND CAUSE OF ACTION**

**(Negligence and Gross Negligence)**

**AS TO BOTH DEFENDANTS**

21. Plaintiff incorporates by reference all preceding paragraphs and allegations of the Complaint as set forth herein.

22. The Defendants all departed from the duties of care required of law enforcement officers and the agencies that hire, train, and employ these officers and were thereby negligent, careless, grossly negligent, reckless, and acted in violation of the duties owed the Plaintiff when they committed

one or more of the following acts of omission or commission, any or all of which were departures from the prevailing duties of care:

    a. In failing to ensure the safety and freedom of the Plaintiff;

    b. In failing to adhere to proper law enforcement procedures;

    c. In failing to properly train officers on the law;

    d. In failing to have in place proper adequate policies, procedures, and protocols for law enforcement officers specifically regarding administration action after a Judge lifts a bench warrant;

    e. In such other particulars as may be ascertained through discovery procedures undertaken.

23. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and departure from the duties of care owed by Defendants, Plaintiff suffered severe and extreme emotional distress, anxiety, grief, sorrow, and other harms and losses, lost income, and other related damages in an amount to be determined by a jury at the trial of this action.

24. Based on the willful, outrageous, and malicious

conduct of the Defendant Reynolds, as set forth herein, Plaintiff is entitled to an award of punitive damages against Defendant Reynolds who is sued in his individual capacity, and Plaintiff is also entitled to an award of attorney's fees.

25.  As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willfulness, wantonness, and departures from professional standards of care as well as the intentional, malicious, deliberately indifferent, outrageous, and conscious shocking and unconstitutional conduct by these Defendants, Plaintiff suffered severe harms and losses as outlined above, and as such, is entitled to an award of actual damages, punitive damages, attorney's fees, and costs against Defendant Reynolds individually and Laurens County.  Plaintiff is not seeking punitive damages against the Defendant, Laurens County.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for all actual damages, consequential damages, and punitive damages (punitive damages against Defendant Reynolds only) in the amount to be determined by a jury at the trial of this case as well as attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988 (as to Defendant Reynolds only), and for such other and further relief as this Court deems just and proper.  Plaintiff requests a jury trial.

PATRICK E. KNIE, P.A.

*/s/ Patrick E. Knie*
_____
Patrick E. Knie
Federal I.D. No. 02370
P.O. Box 5159
250 Magnolia Street
Spartanburg, S.C.  29304
Telephone No. (864) 582-5118
Telefax No.   (864) 585-1615

Christopher D. Brough
The Brough Law Firm
Federal I.D. No. 9666
275 East Henry Street
Spartanburg, South Carolina 29306
Telephone No. (864) 585-3088
Fax No.       (864) 585-3058
Christopherbrough@broughlaw.com

ATTORNEYS FOR PLAINTIFF

May 26, 2021