IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mark A. West, | ) | |
| | ) | 6:21-cv-01593-DCC-JDA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANTS** |
| | ) | |
| Don Reynolds, individually and as Sheriff | ) | (Jury Trial Requested) |
| of Laurens County, and Laurens, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Defendants by way of Answer to the Plaintiff's Complaint would respectfully show unto the court as follows:

**FOR A FIRST DEFENSE**

1.     That except as is expressly admitted, modified, or explained herein, each and every allegations of the Plaintiff's Complaint is denied and strict proof thereof is demanded.

2.     That as to the allegations of paragraph 1 of the Plaintiff's Complaint, the defendants at this time are without sufficient information with which to admit or deny same; therefore, same is denied and strict proof thereof is demanded.

3.     That as to the allegations of paragraph 2 of the Plaintiff's Complaint, it is admitted upon information and belief that Don Reynolds is the duly elected sheriff of Laurens County South Carolina.

4.     That as to the allegations of paragraph 3 of the Plaintiff's Complaint, it is admitted that Laurens County is a political subdivision within the meaning of the South Carolina Tort Claims Act and the common and statutory laws of the state of South Carolina.  That it is

denied that Laurens County is a proper defendant to this action and, otherwise, the allegations of paragraph 3 are denied and strict proof thereof is demanded.

5. That as to the allegations of paragraph 4 of the Plaintiff's Complaint, it is admitted that Don Reynolds is the sheriff of Laurens County, South Carolina and has certain duties and responsibilities established by law. That it is denied that defendant Reynolds is in any way liable to the plaintiff and otherwise the allegations of paragraph 4 of the plaintiff's Complaint as framed are denied and strict proof thereof is demanded.

6. That as to the allegations of paragraph 5 of the Plaintiff's Complaint, said allegations are denied and strict proof thereof is demanded.

7. That as to the allegations of paragraph 6 of the Plaintiff's Complaint, it is admitted that punitive damages are not recoverable against a political subdivision and/or against Laurens County based on the allegations of this suit. It is further alleged that Laurens County is not a proper party defendant to this action. Otherwise, strict proof thereof is demanded.

8. That as to the allegations of paragraph 7 of the Plaintiff's Complaint, these defendants demand proof of jurisdiction as is alleged therein and the allegations of paragraph 7 are denied and strict proof thereof is demanded.

9. That as to the factual allegations of paragraph 8 of the Plaintiff's Complaint, these defendants demand proof of jurisdiction and same is denied and strict proof thereof is demanded.

10. That as to the allegations of plaintiff's General Factual Allegations consisting of paragraphs 9 through 15, except as is admitted, modified or explained herein, said allegations as framed are denied and strict proof thereof is demanded.

11. That at present these defendants are without full and complete information with

which to admit or deny the allegations of paragraphs 9 through 15 and therefore said allegations are denied at this time and strict proof thereof is demanded.

12. That as to the allegations of plaintiff's First Cause of Action consisting of paragraphs 16 through 20, said allegations as framed are denied and strict proof thereof is demanded.

13. That as to the allegations of plaintiff's Second Cause of Action as to "Both Defendants" consisting of paragraphs 21 through 25, said allegations as framed are denied and strict proof thereof is demanded.

## FOR A SECOND DEFENSE

14. That Laurens County is not a proper party defendant to the within action and the claim should be dismissed as to Laurens County.

## FOR A THIRD DEFENSE

15. The Sheriff Don Reynolds is in his individual capacity is not a proper party defendant to this action and, upon information and belief, there was no personal involvement by him to give rise to a cognizable claim. That further, there is no *respondeat superior* liability.

## FOR A FIFTH DEFENSE

16. That the plaintiff's Complaint fails to state a claim upon which relief can be granted against the defendants and specifically defendant Don Reynolds, individually.

## FOR A SIXTH DEFENSE

17. That upon information and belief the plaintiff has suffered no constitutional deprivation and defendants allege that the claims set forth in the Complaint do not rise to the leve of a constitutional violation.

**FOR A SEVENTH DEFENSE**

18. That at all times alleged in the plaintiff's Complaint, the defendants acted within the proper bounds of their discretion and the defendants are entitled to discretionary immunity.

**FOR AN EIGHTH DEFENSE**

19. That the defendants at all times alleged in the plaintiff's Complaint acted in good faith and without ill will and/or malice toward the plaintiff. That the defendants plead and assert good faith immunity as a complete and absolute bar to any recovery by the Plaintiff from the defendants.

**FOR A NINTH DEFENSE**

20. That at all times alleged in the plaintiff's Complaint, the defendants were performing functions and actions which are reasonably consistent with the rights of the plaintiff, and the defendants are, therefore, entitled to immunity as a matter of law.

**FOR A TENTH DEFENSE**

21. That at all times alleged in the plaintiff's Complaint, the defendants did not violate any clearly established constitutional rights of the plaintiff, and the defendants assert qualified immunity as a bar to this suit and/or a defense to this action.

**FOR AN ELEVENTH DEFENSE**

22. That the allegations of the plaintiff's Complaint fail to state facts sufficient to constitute a cause of action against the defendants.

**FOR A TWELFTH DEFENSE**

23. That the defendants plead reasonable blief of probable cause as a defense.

**FOR A THIRTEENTH DEFENSE**

24. That the defendants at all times acted in accordance with their rights and responsibilities as are established by law and, upon information and belief, to the extent the plaintiff's claims are state law claims, same are subject to the immunities granted to the defendants under the South Carolina Tort Claims Act. That the defendants therefore plead and assert the South Carolina Tort Claims Act as a complete and absolute defense and bar to the claims set forth in the Plaintiff's Complaint. That the defendants specifically plead and assert all statutes of limitations, conditions of recovery, limitations of recovery, exclusions from liability and caps and/or limits on damages as are set forth in the South Carolina Tort Claims Act. That further, the defendants plead specifically, but without limitation, the provisions of S.C. Code Ann. §15-78-60(1)(2)(3)(4)(5)(6)(20)(21)(23) and (25).

### FOR A FOURTEENTH DEFENSE

25. That the defendants plead and assert the provisions of S.C. Code Ann. §15-78-70 as a complete and absolute defense and bar to any state law claims set forth in the plaintiff's Complaint.

### FOR A FIFTEENTH DEFENSE

26. That the defendants plead and assert the provisions of S.C. Code Ann. §15-78-30 as a complete and absolute bar and defense to any and all state law claims asserted by the plaintiff in the Plaintiff's Complaint.

### FOR A SIXTEENTH DEFENSE

27. That the defendants plead and assert the provisions of S.C. Code Ann. §15-78-100 as a bar and/or defense and/or affirmative defense to any state law claims set forth in the plaintiff's Complaint.

### FOR A SEVENTEENTH DEFENSE

28. That the defendants plead and assert the provisions of S.C. Code Ann. §15-78-120 as a bar and/or defense to any state law claims set forth in the plaintiff's Complaint.

## FOR AN EIGHTEENTH DEFENSE

29. That the defendants further plead and assert that they at all times acted in good faith, with probable cause, and the defendants deny any malicious motive and/or intent for any actions taken toward and/or against the plaintiff.

## FOR A NINETEENTH DEFENSE

30. That the defendants plead and assert that they at all times acted in a reasonable manner and in good faith.

## FOR A TWENTIETH DEFENSE

31. That the defendants herein plead and assert the public duty rule or public duty doctrine as a bar and/or defense to any state law claims set forth in the Plaintiff's Complaint.

## FOR A TWENTY-FIRST DEFENSE

32. That it is denied the plaintiff is entitled to punitive damages from either of the defendants.

WHEREFORE, the defendants, having fully answered the plaintiff's Complaint, pray as follows:

1. That the Complaint of the plaintiff be dismissed.

2. That the defendants be granted such other and further relief as is just and proper.

Respectfully submitted,

CHAPMAN, HARTER & HARTER, P.A.

                                             s/ Russell W. Harter, Jr.
                                             Russell W. Harter, Jr., Fed. ID #1753
Carly H. Davis, Fed. ID #
14 Lavinia Avenue (29601)
P.O. Box 10224 (29603)
Greenville, South Carolina
864-233-4500 *Phone*
864-232-1710 *Facsimile*
rwhjr@chhlaw.net
**Attorney for the Defendants**

Greenville, South Carolina

June 21, 2021