```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF SOUTH CAROLINA
                        GREENVILLE DIVISION

Mark A. West,                     ) C/A No. 6:21-cv-01593-DCC-JDA
                                  )
            Plaintiff,            )
                                  ) AMENDED CONFERENCE AND
      v.                          ) SCHEDULING ORDER
                                  )
Don Reynolds, individually and    )
As Sheriff of Laurens County      )
And Laurens County,               )
                                  )
                                  )
```

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following scheduling is established for this case. Discovery may begin upon receipt of this order.

2. No later than **October 25, 2021** required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[1]

3. No later than **October 25, 2021**, the parties shall file a Rule 26(f) Report in the form attached to this Order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(I) shall be filed no later than **November 15, 2021**. All motions to amend pleadings must be accompanied by a proposed amended pleading. (Fed. R. Civ. P. 15; Fed. R. Civ. P. 16.)

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed to other parties by **December 15, 2021**. For all other expert witnesses, counsel should make

---

[1] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Rule 29.01.

    the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **December 15, 2021**.

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed to other parties by **January 17, 2022**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **January 17, 2022**.

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **January 17, 2022**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

8. Discovery shall be completed no later than **March 17, 2022**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

   **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected.)**

9. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **May 16, 2022**. [Fed. R. Civ. P. 16(b)(2)].

10. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **April 18, 2022**.[2] See

---

[2] Attorneys primarily responsible for handling the trial, parties and/or insurer representatives with full settlement authority are ordered to be present in person and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or the plaintiff who can make a binding decision on

attached form setting forth Mediation Requirements. **At least thirty (30) days prior to this mediation deadline,** counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the Mediation Initiation Form and return to the Court not later than thirty (30) days prior to the mediation deadline.

11. This case is subject to being called for jury selection and trial thirty (30) days following the issuance of a Report and Recommendation on any motion described in ¶ 9 of this Order, unless otherwise ordered by the Court.

    **IT IS SO ORDERED.**

    _____
    UNITED STATES MAGISTRATE JUDGE

_____, 2021
Greenville, South Carolina

---

behalf of the plaintiff or plaintiffs.  At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort.