IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mark A. West, | ) | Case No. 6:21-cv-01593-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Don Reynolds and Laurens County, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's Motion for Summary Judgment. ECF No. 73. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On October 17, 2023, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 81. Plaintiff filed objections to the Report. ECF No. 82. Defendants filed a response in support of the Report, and Plaintiff filed a reply. ECF Nos. 83, 85.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

As an initial matter, the Court finds that the Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference. Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 and a state law claim for negligence and gross negligence. The Magistrate Judge recommends granting Defendants' Motion as to both claims. In his objections, Plaintiff concedes his § 1983 claims. Therefore, upon review for clear error, the Court adopts the portion of the Report recommending that the Motion for Summary Judgment be granted as to Plaintiff's § 1983 claims.

Turning to the state law claims, Plaintiff filed specific objections. Accordingly, the remainder of the Court's review is de novo. The Magistrate Judge recommends granting Defendants' Motion because Plaintiff has failed to forecast sufficient evidence to establish that his injuries were proximately related to any act or omission by Defendants. ECF No. 81 at 14. Plaintiff objects and argues that there is ample evidence in the record that the Lauren's County Sheriff's Department ("the Sheriff's Department") and the Laurens County Clerk of Court's Office ("the Clerk's Office") failed to train their employees and

2

failed to comply with existing rules with respect to bench warrants. In their response to the objections, Defendants assert that the South Carolina Tort Claims Act provides immunity under these circumstances.[1] ECF No. 83.

Upon review, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff contends that there is no training on how to handle communication across departments with respect to lifted bench warrants. However, as explained in more detail by the Magistrate Judge, there is no evidence that the mistaken arrest was due to any act or omission by a Sheriff's Office employee.[2] Further, there is no evidence that any similar

---

[1] In his reply to the response, Plaintiff asserts that Defendants' immunity argument should not be considered because it is procedurally improper as it should have been raised in objections to the Report. ECF No. 85. The Court understands Defendants' point and acknowledges that it may have been more prudent to have proceeded in this manner. However, as stated above, the standard of review applicable to this portion of the Report is de novo, and the Court has reviewed this portion of the Report, the record, and the applicable law accordingly. The Court is not bound by the Report's discussion. Moreover, the Court notes that Defendants' immunity argument was present in the Motion for Summary Judgment. Thus, the Court finds it appropriate to consider Defendants' arguments.

[2] The Court further agrees with the Magistrate Judge that the decision in *Washington v. Whitaker*, 451 S.E.2d 894 (S.C. 1994), is distinguishable from the present action. In his objections, Plaintiff seems to argue that the main difference is that *Washington* involved strip searches while this action concerns bench warrants. However, that is not the distinguishing fact. In this case, there is no evidence that any Sheriff's Office employee was aware of or condoned leaving bench warrants outstanding.

event had occurred before such that anyone in the Sheriff's Office should have known that additional training was required.[3]  Accordingly, Plaintiff's objections are overruled.[4]

---

[3] The Court also agrees with Defendants argument that Plaintiff has not established what training was or was not provided.  Plaintiff points to written policies and procedures by the Sheriff's Office and the Clerk's Office; however, there is no evidence that these documents are the only training provided to either set of employees.

[4] Further, the Court finds that the remaining state law claim is barred by the South Carolina Tort Claims Act ("SCTCA").  The SCTCA provides exceptions to its waiver of immunity, including for loss resulting from:

> (2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature;
>
> (3) execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process;
>
> (4) adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies;
>
> . . .
>
> (23) institution or prosecution of any judicial or administrative proceeding;

S.C. Code Ann. § 15-78-60.  Here, the actions complained of by Plaintiff are barred by the exceptions listed above to the SCTCA.  Particularly with respect to Plaintiff's allegation that the Clerk's Office failed to comply with the South Carolina Judicial Department manual instructing the Clerk's Office to "make [a] certified copy and deliver it to the solicitor and all law enforcement offices that received that bench warrant," that argument is foreclosed by S.C. Code Ann. § 15-78-60(2) and (3).  See ECF No. 82-2 at 4.

4

## **CONCLUSION**

Based on the foregoing, the Court agrees with the Magistrate Judge's recommendation. Defendants' Motion for Summary Judgment [73] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 26, 2024
Spartanburg, South Carolina